**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gene Grady, Employee, Respondent,

v.

The Shaw Group, Employer, and Zurich American Insurance Company, Carrier, Appellants.

Appellate Case No. 2020-000351

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2023-UP-166
Heard March 7, 2023 – Filed April 26, 2023

———————

**AFFIRMED**

———————

William Franklin Childers, Jr., of Tonnsen Bach Law Firm, of Greenville, for Appellants.

James K. Holmes, and Malcolm M. Crosland, Jr., both of The Steinberg Law Firm, LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** Gene Grady was injured in September 2012 when a steel pipe bar fell and hit him while he was performing work as an electrician for the Shaw Group. He sought workers' compensation benefits, alleging injuries to his left shoulder, left arm, and left elbow.

The commission determined Grady was permanently and totally disabled under section 42-9-10 of the South Carolina Code (2015) and awarded benefits. The commission also held the Shaw Group responsible for all of Grady's future causally related medical treatment, including a shoulder replacement that one of his doctors believed would eventually become necessary.

Here, as it did below, the Shaw Group argues the commission should not have allowed Grady to proceed under section 42-9-10 but should have limited him to a "scheduled" award under the corresponding statute. The Shaw Group admitted Grady injured his shoulder but disputes any injury to the arm and elbow and contends the proper award is limited to compensation for Grady's shoulder. The Shaw Group further argues the commission erred in ordering it to pay for Grady's future medical treatment because doing so is only proper when there is a permanent disability award.

Substantial evidence supports the commission's decision that Grady's shoulder injury affects his arm and elbow and the commission's corresponding decision allowing Grady to pursue an award under section 42-9-10. *See Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 105, 580 S.E.2d 100, 102 (2003) (explaining a claimant can obtain disability compensation under either the general disability statutes set out in sections 42-9-10 and -20 of the South Carolina Code (2015) or the scheduled loss statute set out in section 42-9-30 of the South Carolina Code (2015)); *cf. Singleton v. Young Lumber Co.*, 236 S.C. 454, 471, 114 S.E.2d 837, 845 (1960) (explaining a claimant is limited to scheduled compensation when his injury is confined to a scheduled member and no other body part is impaired). Grady complained of pain in his arm and elbow throughout his treatment. He reported arm and elbow pain to the physician at Doctors Hospital and to Dr. Scott Duffin, Dr. Julie Barre, Dr. Arkam Rehman, and Dr. Bruce Steinberg. Both the single commissioner and the appellate panel found these symptoms were significant enough to constitute compensable injuries to Grady's shoulder and elbow, impairing the use of his arm. *See Gadson v. Mikasa Corp.*, 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006) (explaining that our review of a decision from the commission is limited to determining whether substantial evidence supported the commission's decision and whether the commission's decision is controlled by an error of law); *Dent v. E. Richland Cnty. Pub. Serv. Dist.*, 423 S.C. 193, 196-97, 202-03, 813 S.E.2d 886, 888, 891 (Ct. App. 2018) (holding a claimant with an admitted injury to his lower back whose pain radiated down his right leg was entitled to proceed under section 42-9-10 because substantial evidence supported his claim that he injured his right leg in addition to his back); *id.* at 202, 813 S.E.2d at 891 (explaining the substantial evidence consisted of the claimant's complaints to multiple physicians, the physicians' diagnoses, and

the commission's findings); *cf. Colonna v. Marlboro Park Hosp.*, 404 S.C. 537, 545-47, 745 S.E.2d 128, 133-34 (Ct. App. 2013) (holding substantial evidence supported limiting a claimant to scheduled recovery because she did not demonstrate that she injured or impaired a second body part).

Dr. Barre's testimony that any shoulder injury would affect the arm and that she did not believe Grady's elbow injury was related to his worker's compensation claim does not change our opinion. Dr. Barre elsewhere opined that Grady's work-related accident *did* cause the shoulder and arm symptoms at issue. She also explained that surgical repair of Grady's shoulder injury required her to position Grady's arm in a way that could cause nerve injury in his arm, which can result in radiculopathy. *Cf. Colonna*, 404 S.C. at 542, 546-47, 745 S.E.2d at 131, 133-34 (involving a claimant who received a spinal cord stimulator implant to alleviate pain from her admitted injury to her right foot and ankle but could not link the implantation to a back injury or impairment). In short, some of Dr. Barre's opinions support rather than undermine the commission's decision to proceed under section 42-9-10. We cannot disturb the commission's decision with respect to the weight and credibility of Dr. Barre's testimony. *See Corbin v. Kohler Co.*, 351 S.C. 613, 624, 571 S.E.2d 92, 98 (Ct. App. 2002) (explaining the commission determines the weight and credibility to afford expert medical testimony); *Nettles v. Spartanburg Sch. Dist. # 7*, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App. 2000) (explaining the commission's findings of fact are conclusive when there is conflicting medical evidence); *Clark v. Aiken Cnty. Gov't*, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005) (explaining this court cannot override the commission's judgment with respect to the weight and credibility of evidence).

We also affirm the commission's award of future reasonable and necessary medical treatment during Grady's life. *See* S.C. Code Ann. § 42-15-60(C) (2015) (explaining an employer shall pay for reasonable and necessary medical treatment during the life of its injured employee when he is totally and permanently disabled). We first note the evidence supporting permanent and total disability: Grady underwent a functional capacity evaluation, the evaluator determined Grady did not meet the job demands of an electrician based on his performance, a vocational consultant concluded there were not any electrical companies that could accommodate Grady, and the consultant could not find any companies in any industries that could employ Grady given his restrictions, age, education, and lack of transferrable skills. Regarding the medical treatment, the commission received medical testimony stated to a reasonable degree of medical certainty supporting the need for a future shoulder replacement. *See* S.C. Code Ann. § 42-15-60(A) (2015) (stating the commission can award future medical treatment when it believes the treatment "will tend to lessen

the period of disability as evidenced by expert medical evidence stated to a reasonable degree of medical certainty"). Dr. Steinberg opined in a May 2018 statement that Grady would "most probably" need a shoulder replacement in the future, and he stated his opinion was "based upon a reasonable degree of medical certainty." True, the Form 14B he signed a month later did not mention future medical treatment, but it was within the commission's discretion to give greater weight to Dr. Steinberg's opinion that a shoulder replacement would likely become necessary, and we must accept that decision under our standard of review. *See Corbin*, 351 S.C. at 624, 571 S.E.2d at 98 (explaining the commission determines the weight and credibility to afford expert medical testimony); *Nettles*, 341 S.C. at 592, 535 S.E.2d at 152 (explaining the commission's findings of fact are conclusive when there is conflicting medical evidence); *Clark*, 366 S.C. at 107, 620 S.E.2d at 101 (explaining this court cannot override the commission's judgment with respect to the weight and credibility of evidence). Therefore, the commission's order is

**AFFIRMED.**

**THOMAS, MCDONALD, and, HEWITT, JJ., concur.**